## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NISA C. ZANATY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 2:07-cv-1089-RDP |
| **TODD D. HARRIS, et al.,** | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION

This matter comes before the court because the court has ordered the parties to conduct discovery and file briefs on the issue of the court's subject matter jurisdiction in this case. The parties dispute whether ERISA preempts Plainitff's state law claims. For the reasons stated in this memorandum opinion, the court finds that ERISA preempts Plaintiff's claims, and therefore the court has subject matter jurisdiction over this case.

**I.     Facts**

Plaintiff Nisa Zanaty is employed by her father's business, Zanaty Realty, Inc. ("Zanaty Realty" or "the company"). Her father, Charles Zanaty, owns 98% of the stock in Zanaty Realty. The company employs members of the Zanaty family as well as people with no connection to the Zanaty family.

In its history, Zanaty Realty has offered only one "welfare benefit plan" to its employees–a profit sharing plan available to employees regardless of their relationship to the Zanaty family. Zanaty Realty has never purchased or offered health insurance coverage for any employee who was not also a member of the Zanaty family. However, Zanaty Realty pays the health insurance premiums for Plaintiff and her two siblings, both of whom also work for Zanaty Realty. The

company pays these premiums out of its checking account and deducts the premiums on its corporate tax returns.

Prior to entering into an insurance agreement with the Golden Rule Insurance Company, Inc. ("Golden Rule"), Plaintiff's insurance was provided by Blue Cross and Blue Shield of Alabama. In 2005, Charles Zanaty decided that the Blue Cross policy was too expensive. After talking to Defendant Todd Harris, Charles Zanaty switched the insurance he provided to his children (who were also employees) to a policy provided by Golden Rule. Coverage under the Golden Rule policy purchased for Plaintiff and her siblings is in no way contingent upon her employment by Zanaty Realty and she would have been eligible to apply for the policy even if she had not been an employee of Zanaty Realty at the time the policy was issued.

After switching insurance to Golden Rule, Plaintiff was diagnosed with breast cancer. Golden Rule attempted to rescind its insurance agreement with Plaintiff, claiming that Plaintiff had made material misrepresentations in her insurance application. Plaintiff filed suit against Defendants Golden Rule, Todd Harris, and Harris Insurance, Inc. in the Jefferson County, Alabama Circuit Court on April 24, 2007. Plaintiff's claims include breach of contract, bad faith failure to pay, bad faith failure to investigate, two counts of fraudulent misrepresentation, fraudulent suppression, negligent misrepresentation, fraudulent misrepresentation, and negligent training and supervision. Defendants removed the case to this court on June 11, 2007, claiming that Plaintiff's claims are preempted by ERISA.

Plaintiff filed a motion to remand (Doc. # 12) on August 9, 2007. The court denied the motion on December 18, 2007 but ordered the parties to engage in jurisdictional discovery in order

to submit briefs to the court on the issue of subject matter jurisdiction. The briefs were filed by the parties after they conducted that discovery.

**II.     Analysis**

The court must determine whether the insurance arrangement between Plaintiff, her employer, and her father falls within ERISA's super-preemptive scope. Under Eleventh Circuit case law, ERISA applies to (1) any plan, fund, or program (2) that was established or maintained (3) by an employer (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services, or severance benefits (5) to participants or their beneficiaries. *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982). The parties all acknowledge in their briefs that this case will hinge upon the second and third *Donovan* factors.

Plaintiff characterizes her insurance as a family affair. Charles Zanaty paid Plaintiff's premiums because he is her father, not because he is her boss. It is undisputed that no Zanaty Realty employees other than Plaintiff and her siblings had their health insurance premiums paid from company accounts. It is also undisputed that Plaintiff and her father intended the insurance arrangement to be familial and not professional in nature.

Defendants do not contest that. Rather, they focus on the structure of the payment of Plaintiff's insurance premiums, asserting that Charles Zanaty's intent is not determinative. The court has already ruled that ERISA applies even in situations where the employer may have not specifically intended to establish or maintain a benefit plan. (Doc. # 18). The Eleventh Circuit

applies the seven-factor *Butero* test to determine whether an employer has established or maintained[1] a benefit plan:

> (1) the employer's representations in internally distributed documents; (2) the employer's oral representations; (3) the employer's establishment of a fund to pay benefits; (4) actual payment of benefits; (5) the employer's deliberate failure to correct known perceptions of a plan's existence; (6) the reasonable understanding of employees; and (7) the employer's intent.

*Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999) *(citing Kenney v. Roland Carson Contracting Corp.*, 28 F.3d 1254, 1258 (D.C. Cir. 1994)). Most of these factors are not at issue in this case. There is no evidence of internal documents or employee misconceptions. These two factors are irrelevant. The parties agree that Zanaty Realty both set up the payment of benefits and actually paid them. Likewise, they agree that both the employer who provided the benefits and the employees that received benefits understood that the benefits were paid only to family members. While these factors are fairly straightforward, the issue of intent presents a more complicated problem.

Some concept of intent is relevant under *Butero*; however, there are several different forms "intent" could take. Plaintiff's argument assumes that "intent" means the intent to establish a plan governed by ERISA. This position begs the ultimate question. The Eleventh Circuit has made clear that the "determination of whether ERISA governs [a plan] does not turn on whether [the employer] intended the plan to be governed by ERISA, but rather on whether [the employer] intended to establish or maintain a plan to provide benefits to its employees as part of the employment relationship." *Anderson v. UNUM Provident Corp.*, 369 F.3d 1257, 1263-64 (11th Cir. 2004).

---

[1] To be precise, *Butero* addresses only whether an employer has *established* a welfare plan. In *Anderson v. UNUM Provident Corp.*, 369 F.3d 1257 (11th Cir. 2004), the court held that the same considerations govern the *maintenance* of a welfare plan. 369 F.3d at 1265.

*Anderson* defines the relevant inquiry as whether there was an intent to provide benefits as part of the employment relationship.

Plaintiff again argues that the benefits provided by her father were not part of the employment relationship but rather strictly familial. The only Zanaty Realty employees who received insurance were members of the Zanaty family. It is also undisputed that all of the Zanaty family members who received benefits were also employees of Zanaty Realty and their health insurance premiums were paid out of Zanaty Realty accounts. Plaintiff urges the court to see this as a mere technicality, because Charles Zanaty owns 98% of the company and is compensated by the net profits of the company. Whether Charles Zanaty pays the insurance out of his personal account or his business account does not change the fact that he bears the cost of paying Plaintiff's health insurance.[2] Plaintiff argues that this fact should lead the court to find that the arrangement in this case falls outside of ERISA.

However, the court draws the opposite conclusion. Plaintiff's father could have paid for his children's insurance out of his personal funds. Instead, he chose to pay his children's premiums through the company he owns, the same company that employs his children. The decision to channel the purchase of insurance through Zanaty Realty shows that he intended the benefits to be part of the employment relationship, not merely the familial relationship.

---

[2]The parties have addressed the fact that Charles Zanaty does not own all of the stock in Zanaty Realty. While, indeed the minority shareholders bear a cost for paying for Plaintiff's insurance, the court does not rely on that fact and the relatively small cost to the Zanaty Realty minority shareholders in making its determination here. That is because broader and less technical grounds support the court's ultimate conclusion that ERISA applies to this case. As a result, the court makes no finding with respect to this fact–that is, it neither finds that the 2% stake owned by people other than Charles Zanaty is itself sufficient to render ERISA applicable here nor does it find that the cost borne by the minority shareholders is insufficient to do so as a matter of law.

5

It is obvious that ERISA does not govern every father's purchase of insurance for his children; however, the employment relationship here complicates the analysis. ERISA has no exception for benefits provided to employee children. While there is no case precisely on point addressing ERISA's application in family/employer arrangements,[3] Defendant has cited several cases that illustrate the expansive scope of ERISA. Two in particular are noteworthy because they involve issues critical to this motion. First, the Eleventh Circuit has held that plans that include only one employee or less than all of a company's employees are not excluded from ERISA. *Williams v. Wright*, 927 F.2d 1540, 1545 (11th Cir. 1991).[4] Second, the Third Circuit persuasively held, in an opinion written by now-Justice Alito, that ERISA applies to benefit plans where familial and

---

[3] Defendants cite *Duffin v. United Olympic Life Ins. Co.*, 50 F.3d 14 (9th Cir. 1995), an unpublished case from the Ninth Circuit, as a case with very similar facts. While *Duffin* appears to be helpful, this court is not permitted to consider it. The Eleventh Circuit's rules state that courts in the Eleventh Circuit "will not give the unpublished opinion of another circuit more weight than the decision is to be given in that circuit under its own rules." 11TH CIR. R. 36, I.O.P 6. The Ninth Circuit Rules provide that unpublished decisions issued before January 1, 2007 are not precedential and cannot be cited. 9TH CIR. R. 36-3(c). Defendants assert that *Duffin* falls within an exception to the Ninth Circuit's rule that allows unpublished decisions to be cited to show "the existence of a related case." (Doc. # 26 at 10). However, a full reading of the provision to which Defendants cite shows that the term "related" means much more than mere persuasive similarity. The provision states that unpublished decisions may be cited "for **factual purposes**, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorney's fees, or the existence of a related case." 9TH CIR. R. 9-36(c)(ii) (emphasis added). There is certainly no indication that the present case is somehow factually related to *Duffin*. As a result, it would be improper for this court to consider *Duffin* where the Eleventh Circuit would not.

[4] The *Williams* court's ruling that ERISA covers plans involving less than all of a company's employees relied on four facts: (1) the language of *Donovan* does not preclude plans tailored to meet the needs of single employees; (2) ERISA's predecessor statue only applied to plans that had more than 25 members, and the absence of any similar coverage limitation in ERISA suggests that Congress purposefully opted not to reenact a numerosity requirement; (3) Department of Labor regulations that discuss ERISA plans covering "one or more employees;" and (4) Department of Labor opinion letters stating the ERISA applies to plans covering only a single employee. *See Williams*, 927 F.2d at 1545.

employment relationships overlap, excepting only spouses who wholly own a business. *Leckey v. Stefano*, 263 F.3d 267, 271-72 (3d Cir. 2001) (Alito, J.).

Plaintiff and Defendants both cite *Randol v. Mid-West Nat'l Life Ins. Co. of Tenn.*, 987 F.2d 1547 (11th Cir. 1993) in support of their arguments. While Plaintiff cites *Randol* for the proposition that the payment of premiums by an employer does not conclusively establish the establishment of an ERISA plan (Doc. # 25 at 6), a full reading of *Randol* shows that it lends more support to Defendants' position. In *Randol*, the court held that an employer that contributed a portion of the health insurance premiums for its employees, set up a withholding system to collect premiums, and actually paid the policies by draft on the corporate account. 987 F.2d at 1551. Tellingly, the court stated that:

> the employer not only established a system for withholding premiums from employee wages and paying them directly to the carrier, but also contributed $75 per employee toward the monthly premium and did so for the purpose of helping the employees obtain health coverage. We hold that such conduct constitutes maintenance of [an EIRSA plan].

*Id.* at 1552 (quotations omitted). The *Randol* court set a low bar for finding that an employer established or maintained an ERISA plan. Applying *Randol* to the present case, it is clear that Zanaty Realty's conduct exceeds the involvement of the employer in *Randol.* Zanaty Realty paid the entire amount of the covered employees' premiums and did not require any employee contributions. Also, the undisputed record shows that Zanaty Realty (acting through Charles Zanaty) made the decision to change insurance providers without consulting the covered employees, a fact that shows even a higher degree of control than was exhibited in *Randol*.[5]

---

[5]There is another similarity between the present case and *Randol*. Plaintiff stresses in her brief that the court should find that ERISA does not govern her insurance arrangement because her employment was not a condition of her policy with Golden Rule. (Doc. # 25 at 4-5). However, the

In sum, the *Butero* factors weigh in favor of finding that Zanaty Realty established or maintained a benefit plan and the *Randol* case confirms the court's analysis. Under the applicable law, the court finds that Zanaty Realty established or maintained a welfare benefit plan for Plaintiff, its employee.

**III.    Conclusion**

For the reasons stated herein, the court finds that it has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims fall within the preemptive scope of ERISA.

**DONE** and **ORDERED** this ___3rd___ day of July, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

court in *Randol* found that ERISA applied even where "the only underwriting criterion was the medical eligibility of the individuals to be insured." 987 F.2d at 1549. The employees insured under the policy were insured as individuals, not as members of a group. *Id.* Furthermore, when the company's owners cancelled the policy, the insurer sent the refund to the owners, not to the company itself. *Id.* These three facts together show that the availability of the insurance to others outside of a company is irrelevant for determining whether ERISA applies. This court will follow *Randol* in looking at the actual provision of benefits by an employer and not at the hypothetical arrangements that could have been made.