# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| NISA C. ZANATY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.:  2:07-cv-1089-RDP** |
| | ) | |
| TODD D. HARRIS, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>MEMORANDUM OPINION</u>

Before the court is Plaintiff's Motion for Leave to Take an Interlocutory Appeal (Doc. # 33), filed on August 5, 2008.  Defendants filed a response on August 15, 2008.  After reviewing the parties' positions and the relevant law, the court concludes that Plaintiff's motion is due to be denied.

Section 1292(b) of Title 28 of the United States Code gives the district court the discretion to grant permission to take an interlocutory appeal.  This section provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  The statute lists three requirements that must be met in order for this court to grant Plaintiff's motion for leave to take an interlocutory appeal: (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *Id.*; *see also McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1258-59 (11th Cir. 2004).  The court also is mindful that interlocutory review is a "rare exception" to the general rule that only final judgments are appealable.  *McFarlin*, 381 F.3d at 1264.

Plaintiff has proposed three questions of law that justify this court granting leave to take an interlocutory appeal:

1.  Under existing precedent, does ERISA govern health insurance arrangements between immediate family members who work together in the family's closely held business if the premiums for such insurance are paid with funds from the family's business, but the company does not provide, and has expressly declined to provide health insurance coverage for employees who are not family members?

2.  Did Congress intend for ERISA to govern insurance arrangements between immediate family members who all work together in a closely held family business if funds from the family business are used to pay the insurance premiums but the company does not provide or pay for such insurance for non-family member employees?

3.  On consideration of a motion for remand, if competing evidence exists on the issue of whether an employer has established and/or maintained an ERISA plan, is the non-removing party entitled to have the facts construed in a manner most favorable to him or her?

(Doc. # 34 at 2).  The court will analyze each of these three questions in turn.

## I.    Application of ERISA

The first question asks whether ERISA excepts from coverage insurance arrangements such as the one set up by Plaintiff's father in this case.  Although Plaintiff argues that this is purely a question of law, Defendants contend that the question involves an application of existing law to the particular facts of this case.  (*See* Doc. # 36 at 4).  The court agrees with Defendants.  The rubric for determining whether ERISA applies to a particular benefit plan is well-established.  As discussed in the court's memorandum opinion (Doc. # 32), the tests from *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982) and *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999) provide several factors for the court to consider in determining the application of ERISA to a particular set of facts.  To the extent that Plaintiff disagrees with the manner in which the court

applied these factors, Plaintiff's disagreement arises from at least a mixed question of law and fact. It is clear and undisputed that *Donovan* and *Butero* are the law of this circuit.

Essentially, Plaintiff is arguing that ERISA recognizes a family exception that would exempt arrangements such as the one in this case from ERISA's preemptive scope. Although the existence of such an exception is indeed purely a question of law, Plaintiff has not cited (nor has the court found) any authority showing that such an exception exists. Neither the statutory language of ERISA nor the cases interpreting it suggest the existence of an exception that would apply here. As a result, to the extent that Plaintiff argues a pure question of law about the existence of an ERISA exception not yet recognized, the court finds that there is no substantial ground for disagreement on the existence of such an exception. It would place an undue strain on both this court's docket and the docket of the Eleventh Circuit if this court were to grant leave for interlocutory appeals in cases where a party argued for extensions of existing law not yet recognized. In sum, the first question is not proper for interlocutory appeal under 28 U.S.C. § 1292(b).

## II.    Congressional Intent

Plaintiff's next question asks whether Congress intended ERISA to govern insurance arrangements like the one in this case. Defendant argues that this question is not a pure question of controlling law. Again, the court agrees with Defendant.

This court need only resort to Congressional intent where the statutory language is ambiguous or where the evidence of legislative intent is strong enough to justify going beyond the plain meaning of the statutory text. *See Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1522 (11th Cir. 1987) (stating "when faced with a question of statutory interpretation, our starting point must be the language of the statute; we must assume that Congress intended the ordinary meaning of the words it used; and

3

absent a clearly expressed legislative intent to the contrary, that language generally is dispositive"). In this case, Plaintiff has not directed the court to any ambiguity in ERISA's language nor to any indicia of Congress's clear intent indicating that ERISA does not apply to facts such as those presented in this case. As a result, the court sees no reason to examine Congress's intent in this case to the extent that Congress's intent is not expressed in the statutory text.

Instead of addressing the existence of ambiguity in the statutory text, Plaintiff asserts that "arrangements like the one at issue in this case are subject to substantial disputes as to whether Congress intended ERISA to govern intra-family insurance arrangements." (Doc. # 34 at 8). Where there is no ambiguity in the text, the court cannot be concerned about *Plaintiff's view* of how Congress would interpret ERISA in this case. Interpreting ERISA is a judicial function, not a legislative one. The court is satisfied that the words Congress actually used make clear that ERISA is applicable to this case; no further resort to legislative intent is needed. Accordingly, the second question raised by Plaintiff is not suitable for interlocutory appeal.

## III. The Court's Construction of Facts

Plaintiff's third question asks whether she is entitled to have the facts construed in the manner most favorable to remand. The court can quickly dispose of this issue: all facts were construed in Plaintiff's favor. In fact, Plaintiff points to no facts that were construed against her or in favor of Defendants. Plaintiff has not directed the court to any disputed facts in this matter at all.

Plaintiff argues that the court should have found Charles Zanaty's subjective intent controlling on the issue of whether ERISA applies to this insurance arrangement involving himself, his company, and his children. (Doc. # 34 at 10). This is a legal argument, not a factual dispute. As discussed in the court's opinion, the employer's subjective intent is not controlling in determining

4

the application of ERISA.  (*See* Doc. # 32 at 4 (citing *Anderson v. UNUM Provident Corp.*, 369 F.3d 1257, 1263-64 (11th Cir. 2004))).  The court considered Charles Zanaty's subjective intent in light of other objective factors and found that the requisite intent was present to bring the insurance arrangement within ERISA's broad scope.  There is no issue as to whether the court applied the correct legal standard to disputes of fact.  Therefore, Plaintiff's third question is not appropriate for interlocutory review under 28 U.S.C. § 1292(b).

## IV.    Conclusion

The court is mindful that Plaintiff disagrees with the court's opinion.  A litigant's right to have a district court's decision reviewed is a foundational right.  In denying this motion for interlocutory appeal, the court emphasizes that there will come a time when Plaintiff can be heard on the issues she raises in this motion; however, she has failed to carry the burden imposed by 28 U.S.C. § 1292(b) to show that she is authorized to proceed with an interlocutory appeal.  Accordingly, Plaintiff's motion for leave to take interlocutory appeal is due to be denied.  The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this _____28th_____ day of August, 2008.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE